

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,084-01

**EX PARTE MATTHEW RYAN ZAPATA, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 12-1180-CR-A IN THE 25TH DISTRICT COURT
## FROM GUADALUPE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a habitation and was sentenced to twenty years' imprisonment.

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because counsel failed to have him evaluated for competency and failed to bring his mental health issues to the attention of the trial court. Applicant alleges that he understood that he was pleading guilty in this and two other cases in exchange for six-year concurrent sentences. Applicant alleges that he did not understand why the trial court sentenced him to twenty years' imprisonment in this

case, and counsel did not explain to him that he could withdraw his plea.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was knowingly and voluntarily entered. The trial court shall also make findings as to whether Applicant was advised of his right to appeal after he was sentenced pursuant to an open plea. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall

be obtained from this Court.

Filed: October 1, 2014
Do not publish